IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| MICHAEL L. MOORE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) 1:97cr362 (JCC) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioner Michael L. Moore's ("Petitioner") Motion to Invoke Discovery Process [Dkt. 137], and Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 [Dkt. 132.] For the following reasons, the Court will deny Petitioner's motions.

**I.  Background**

On November 21, 1997, a jury convicted Petitioner of six counts related to his involvement in a conspiracy to distribute cocaine. *See Moore v. United States*, Criminal No. 97-362, 2006 WL 1303111, at *1 (E.D. Va. May 8, 2006). This Court sentenced Petitioner to 360 months imprisonment, and the Fourth Circuit later affirmed his conviction. (Gov't Resp. [Dkt. 135] at 1-2.)

1

On June 25, 2001, this Court denied Petitioner's first request for relief under 28 U.S.C. § 2255. [Dkt. 61.] Petitioner appealed this ruling, and the Fourth Circuit denied his appeal on July 10, 2002. [Dkts. 71-72.]

Petitioner filed a second motion for relief under 28 U.S.C. § 2255 on December 22, 2006. [Dkt. 86.] This Court again denied Petitioner's request. [Dkt. 93.] Petitioner did not appeal this ruling.

Presently before the Court is Petitioner's third motion to vacate his sentence under 28 U.S.C. § 2255. Relying upon the recent Supreme Court case *Lafler v. Cooper*, __ U.S. __, 132 S. Ct. 1376 (2012), Petitioner contends that his attorney provided ineffective assistance in advising him to reject the prosecution's plea offer. (Mot. to Vacate at 5.)[1] Accordingly, concludes Petitioner, his conviction is invalid. (*Id.*) The Government filed its Response on April 10, 2013. [Dkt. 135.] Petitioner also has an outstanding Motion to Invoke Discovery regarding his § 2255 claim. [Dkt. 137.]

## II. Standard of Review

Under 28 U.S.C. § 2255, a prisoner in federal custody must make a threshold showing in order to file a second or successive § 2255 motion in this Court. A second or successive

---

[1] In *Lafler*, the Supreme Court clarified that claims of ineffective assistance of counsel extend to the negotiation and consideration of plea offers even if the defendant is subsequently convicted after a fair trial. 132 S. Ct. at 1383, 1390-91.

2

motion must first be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h).

### III.  Analysis

Despite petitioner's contention otherwise, his current § 2255 motion is a successive filing subject to the certification requirements noted above.  "While it is settled law that not every numerically second [§ 2255 motion] is second or successive . . . second [motions] challenging the same conviction and sentence based on a subsequent change in substantive law are deemed to be successive and require authorization from the court of appeals in order to be filed."  *Smith v. United States*, Nos. 5:01-CR-180-1BO, 5:12-CV-91-BO, 2012 WL 6481228, at *1 (E.D.N.C. Dec. 13, 2012) (citations omitted); *see also United States v. Woods*, Nos. 7:09cr00043, 7:09cr00064, 2013 WL 1352370, at *1 (W.D. Va. Apr. 3, 2013)("[A] motion bringing new evidence or presenting a change in substantive law as a 'reason justifying relief' [must be] . . . construed and dismissed as a successive § 2255 motion." (citation omitted)).

Since Petitioner has not submitted any evidence of having obtained the requisite certification from the Fourth

Circuit, his current § 2255 motion must be dismissed for lack of jurisdiction. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007).[2] Petitioner's pending discovery motion is consequently moot.

## IV. Conclusion

For the foregoing reasons, the Court will deny Petitioner's motions. An appropriate Order will issue.

|  | /s/ |
|---|---|
| September 24, 2013 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |

---

[2] Although the Government does not argue that this action is barred under the prohibition against second or successive filings, the Court is obliged to address such jurisdictional questions *sua sponte*. *See, e.g., Fuller v. United States*, Nos. 7:10-CR-21-1-BO, 7:12-CV-302-BO, 2013 WL 556802, at *1 (E.D.N.C. Feb. 13, 2013). Because the Court finds that it is without jurisdiction to consider Petitioner's motion, it declines to address the Government's remaining arguments. (Gov't Resp. at 2-6.)